JUDGE COTE





ANTHONY G. MANGO (AM-4962)
MANGO & IACOVIELLO, LLP
14 Penn Plaza, Suite 1919
New York, New York 10122
212-695-5454
212-695-0797 facsimile

Attorneys for Plaintiff Scott Balsan



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

**SCOTT BALSAN,**

                              **Plaintiff,**                                    _____-Civ-_____

              v.

**COSMOPOLITAN DECORATING CO., INC.,**                    <u>**COMPLAINT**</u>

                              **Defendant.**                                    <u>**JURY TRIAL DEMANDED**</u>
--------------------------------------------------------------X

        Plaintiff, Scott Balsan ("Balsan" or "plaintiff"), as and for his complaint, by his attorneys,

Mango & Iacoviello, LLP, alleges as follows:

<u>**NATURE OF ACTION**</u>

        This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended ("Title

VII"), The New York State Human Rights Law, McKinney's Executive Law §§290 *et seq.*

("NYSHRL"), and The New York City Human Rights Law, Administrative Code of the City of

New York §§8-101 *et seq.* ("NYCHRL"), for unlawful employment discrimination against

plaintiff on the basis of national origin (non-Hispanic) and race (Caucasian), and unlawful

retaliation for complaints by plaintiff about such discrimination. As alleged with greater detail

herein, Defendant Cosmopolitan Decorating Co., Inc. ("defendant") discriminated against Mr.
Balsan by treating him differently than Hispanic employees in the terms and conditions of his
employment, including but not limited to frequent verbal harassment, the denial of job
opportunities and ultimately terminating his employment after plaintiff complained of
discrimination.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343,
conferring original jurisdiction upon this Court of any civil action to recover damages or to
secure equitable relief under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
§§2000e-5(f)(1) and (3) and §2000e-6 ("Title VII"), and pursuant to Section 102 of The Civil
Rights Act of 1991.  The Court's supplemental jurisdiction of claims arising under the human
rights laws of New York State and New York City is invoked under 28 U.S.C. §1367.

2.      Venue herein is proper under 28 U.S.C. §1391(b), and 42 U.S.C. §2000e-5(f)(3)
as defendant resides within the Southern District of New York and all acts complained of
occurred within the Southern District of New York.

## THE PARTIES

3.      Plaintiff is a non-Hispanic, Caucasian American citizen, residing in Glendale,
New York.

4.      Defendant, Cosmopolitan Decorating Co., Inc. (hereinafter "Cosmopolitan" or
"defendant"), is a New York corporation doing business in the Southern District of New York
and is subject to the jurisdiction of this Court.  Defendant is an employer within the meaning of
Title VII, 42 U.S.C. §2000e(b), the NYSHRL, and the NYCHRL.

## FACTS

5.　　In or about September 2008, defendant hired plaintiff as a Job Steward/Painter. Defendant is a member of a trade association that is a party to a collective bargaining agreement with District Council 9 (DC9), the terms of which governed plaintiff's employment with defendant.

6.　　Throughout plaintiff's entire tenure working for defendant, plaintiff's job performance was always exemplary.

7.　　Plaintiff's supervisor at defendant was a Hispanic male named Carlos Romero ("Romero"). Despite the fact that plaintiff's performance as a Job Steward/Painter with defendant was exemplary, Romero continually harassed plaintiff while making remarks about plaintiff's national origin and race.

8.　　For example, Romero stated to plaintiff that "white people think they can do whatever they want -- I'm the [f***ing] man in this company."

9.　　On another occasion, Romero told plaintiff that he "only like[s] to work with Spanish men, because white guys can't keep their mouths shut."

10.　　On several occasions, Romero sent plaintiff home from work, telling plaintiff that there was no work available to him, despite the fact that Romero permitted Hispanic individuals to remain on the job site. Romero did not send home any Hispanic workers on these occasions.

11.　　On one occasion, paychecks for the employees were not available on Thursday at the job site, which was required by the union trade association agreement. When plaintiff learned of this, he contacted defendant's Chief Executive Officer. Subsequently, plaintiff contacted a representative at DC9 regarding the paycheck issue. When Romero learned about

this, he stated to plaintiff "I run things here. You have a problem you come to me." Then Romero called plaintiff a "vato sucio," which, upon information and belief, translates to "dirty faggot" in English.

12.     Several weeks later, Romero appeared at the job site at which plaintiff was employed, at 1775 Broadway, New York, New York. Romero began yelling at plaintiff, asking him why he was standing around "doing nothing." Romero then stated to plaintiff "that's the problem with white guys, you don't want to do anything and then when I catch you you call the union. This is why I work with just my people."

13.     On another occasion, Romero sent plaintiff's paycheck to the jobsite, despite the fact that Romero knew that plaintiff had been picking up his check downtown at defendant's offices. This caused plaintiff to be late in picking up his son. Romero knew this and nevertheless intentionally caused plaintiff this inconvenience.

14.     A week or so later, when plaintiff showed up for work at the job site at 1775 Broadway, he was told that the job site had been shut down. The foreman Alejandro (Alex) told plaintiff to contact Romero about being placed at another job site. When plaintiff contacted Romero he was told by Romero that there was no other work available and that plaintiff was being laid off.

15.     The next morning, plaintiff received a telephone call from Joe Morro, the foreman for the laborers on the job site at 1775 Broadway. Morro informed plaintiff that five or six painters had returned to the job site. Under the union contract, plaintiff was supposed to be the third painter called back in the event the job was reopened. This was just one day after Romero had informed plaintiff that he was laid off due to a lack of work.

16.     Ultimately, after plaintiff contacted the business agent from DC9 and informed him of Romero's actions, plaintiff was told to return to work at the job site at 1775 Broadway.

17.     Approximately two weeks later, plaintiff was informed once again that there was no additional work at 1775 Broadway, and he was sent home. This was despite the fact the job was in fact not completed, and defendant was paying non-union Hispanic painters to work at the job site at night. Nevertheless, plaintiff was informed by the foreman at the job site, Alejandro (Alex), that there was no more work for plaintiff.

18.     Ultimately, Romero went so far as to falsify a report to the union – DC9, claiming that plaintiff had threatened the life of Alejandro (Alex), the foreman at the job site. This was completely false and fabricated by Romero, in an attempt to falsely justify his disparate treatment of plaintiff, including his multiple comments and actions directed against plaintiff's national origin (non-Hispanic) and race (Caucasian).

19.     Ultimately, plaintiff was terminated from employment by defendant, when defendant refused to permit plaintiff to continue to work despite the fact that work was available, and less-qualified, Hispanic painters were being employed by defendant to the exclusion of plaintiff.

20.     Plaintiff registered numerous complaints to DC9, due to the multiple violations of the union contract perpetuated by defendant through the actions of Romero. On each such occasion, when Romero learned of plaintiff's complaints to the union, Romero retaliated against plaintiff with a barrage of verbal insults directed at plaintiff's national origin and race, and ultimately had plaintiff terminated from further employment with defendant.

21.     Defendant discriminated against plaintiff on the basis of his national origin, non-Hispanic, and his race, Caucasian, by denying him terms and conditions of employment equal to

that of his peers, by verbally harassing plaintiff and creating a hostile working environment, and by terminating him in retaliation for his complaints of discrimination.

22.     The effect of the practices complained of above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin, non-Hispanic, and race, Caucasian.

23.     The unlawful practices complained of above were intentional, and were committed by defendant with malice and/or reckless indifference to plaintiff's legally protected rights of equal employment.

24.     In response to the acts perpetuated by defendant, plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission.

25.     After its investigation concluded, the EEOC issued a Determination Letter, on March 25, 2010, finding that "[defendant] harassed and retaliated against [plaintiff] by creating a hostile work environment with numerous harassing remarks about [plaintiff's] national origin and race, and by giving Hispanic individuals more opportunities to work than [plaintiff]. After [plaintiff] protested, [defendant] laid him off from the job" A copy of the EEOC's Determination Letter is annexed hereto as Exhibit 1.

26.     After attempts by the EEOC to conciliate the matter were unsuccessful, the EEOC issued a Notice of Right To Sue, dated July 20, 2010, which was received by plaintiff on or about July 26, 2010. A copy of the EEOC's Notice of Right to Sue is annexed hereto as Exhibit 2.

27.     Plaintiff has satisfied all administrative filing requirements and prerequisites to the filing of this action pursuant to Title VII, the NYSHRL and NYCHRL, prior to commencing this action.

6

## FIRST CLAIM FOR RELIEF

### (National Origin Discrimination In Violation Of Title VII)

28.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 27 above.

29.     Defendant intentionally discriminated against plaintiff on account of his national origin in violation of Title VII and The Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended (hereinafter "The Civil Rights Act of 1991"), by denying plaintiff equal terms and conditions of employment and by terminating his employment.

30.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

31.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

32.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## SECOND CLAIM FOR RELIEF

### (National Origin Discrimination In Violation Of The NYSHRL)

33.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 32 above.

34.     Defendant intentionally discriminated against plaintiff on account of his national origin in violation of NYSHRL, McKinney's Executive Law §296(1)(a), by denying plaintiff equal terms and conditions of employment and by terminating his employment.

35.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

36.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## THIRD CLAIM FOR RELIEF

### (National Origin Discrimination In Violation Of The NYCHRL)

37.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 36 above.

38.     Defendant intentionally discriminated against plaintiff on account of his national origin in violation of NYCHRL, New York City Administrative Code §§8-107 *et seq.*, by denying plaintiff equal terms and conditions of employment and by terminating his employment.

39.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

40.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

41.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## FOURTH CLAIM FOR RELIEF

### (Racial Discrimination In Violation Of Title VII)

42.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 41 above.

43.     Defendant intentionally discriminated against plaintiff on account of his race in violation of Title VII and The Civil Rights Act of 1991, by denying plaintiff equal terms and conditions of employment and by terminating his employment.

44.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

45.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

46.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## FIFTH CLAIM FOR RELIEF

### (Racial Discrimination In Violation Of The NYSHRL)

47.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 46 above.

48.     Defendant intentionally discriminated against plaintiff on account of his race in violation of NYSHRL, §296(1)(a), by denying plaintiff equal terms and conditions of employment and by terminating his employment.

49.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

50.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## SIXTH CLAIM FOR RELIEF

### (Racial Discrimination In Violation Of The NYCHRL)

51.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 50 above.

52.     Defendant intentionally discriminated against plaintiff on account of his race in violation of NYCHRL, §§8-107 *et seq.*, by denying plaintiff equal terms and conditions of employment and by terminating his employment.

53.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

54.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

55.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## SEVENTH CLAIM FOR RELIEF

### (Retaliation In Violation Of Title VII)

56.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 55 above.

57.     Defendant intentionally discriminated against plaintiff by retaliating against him for plaintiff's complaints of discriminatory treatment in violation of Title VII and The Civil Rights Act of 1991.  Such retaliation took the form of harassment and plaintiff's ultimate termination.

58.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

59.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

60.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## EIGHTH CLAIM FOR RELIEF

### (Retaliation In Violation Of The NYSHRL)

61.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 60 above.

62.     Defendant intentionally discriminated against plaintiff by retaliating against him for plaintiff's complaints of discriminatory treatment in violation of NYSHRL, §296(1)(e).  Such retaliation took the form of harassment and plaintiff's ultimate termination.

63.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

64.     As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.


## NINTH CLAIM FOR RELIEF

### (Retaliation In Violation Of The NYCHRL)

65.     Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 64 above.

66.     Defendant intentionally discriminated against plaintiff by retaliating against him for plaintiff's complaints of discriminatory treatment in violation of NYCHRL, §8-107 *et seq.* Such retaliation took the form of harassment [let's discuss] and plaintiff's ultimate termination.

67.     Defendant's acts of discrimination were performed with malice and reckless indifference to plaintiff's protected civil rights.

68.    As a proximate result of defendant's acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to his reputation.

69.    As a proximate result of defendant's acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with his former employment.

## JURY DEMAND

70.    Plaintiff demands a jury on all claims stated herein.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

(a)    against defendant under the First, Fourth, and Seventh Claims for Relief under Title VII,

(1)  preliminarily and permanently restraining defendant from engaging in the aforementioned conduct;

(2)  awarding plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of defendant;

(3) awarding plaintiff reinstatement or front pay;

(4) awarding plaintiff compensatory damages;

(5) awarding plaintiff punitive damages;

(6) awarding plaintiff reasonable attorneys' fees and costs incurred in this action; and

(7) awarding plaintiff any other relief this Court deems to be just, equitable and proper; and

(b)      against defendant under the Second, Fifth, and Eighth Claims for Relief under the NYSHRL,

(1)  preliminarily and permanently restraining defendant from engaging in the aforementioned conduct;

(2)  awarding plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of defendant;

(3) awarding plaintiff reinstatement or front pay;

(4) awarding plaintiff compensatory damages; and

(5) awarding plaintiff any other relief this Court deems to be just, equitable and proper; and

(c)      against defendant under the Third, Sixth, and Ninth, and Seventh Claims for Relief under the NYCHRL,

(1)  preliminarily and permanently restraining defendant from engaging in the aforementioned conduct;

(2)  awarding plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of defendant;

(3) awarding plaintiff reinstatement or front pay;

(4) awarding plaintiff compensatory damages;

14

(5) awarding plaintiff punitive damages;

(6) awarding plaintiff reasonable attorneys' fees and costs incurred in this action; and

(7) awarding plaintiff any other relief this Court deems to be just, equitable and proper.

Dated: New York, New York
       October 14, 2010

                                    Respectfully Submitted,

                                    **MANGO & IACOVIELLO, LLP**

                      By:   _____
                            Anthony G. Mango (AM-4962)
                            14 Penn Plaza, Suite 2200
                            New York, New York 10122
                            (212) 695-5454

                            Attorneys for Plaintiff Scott Balsan

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3630
General FAX: (212) 336-3625

Charge No.: 520-2009-00898

Mr. Scott Balsan
78-42 76th Street
Glendale, NY 11385

Charging Party

Cosmopolitan Decorating, Inc.
c/o Director, Human Resources
111 John Street
New York, NY 10038

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination on the merits of this charge.

All requirements for coverage have been met. Charging Party alleges that Respondent disparately treated and retaliated against him due to his race, White, national origin, non-Hispanic, and for having participated in protected activities in violation of Title VII of the Civil Rights Act, as amended.

Charging Party alleges that his supervisor at Respondent, Mr. Carlos Romero, made numerous harassing remarks about Charging Party's national origin and race. For example, Charging Party alleges that Mr. Romero stated that "white people think they can do whatever they want. I'm the ...man in this company." Also, that he "only like[s] to work with Spanish men, because white guys can't keep their mouth shut." Charging Party also alleges that Mr. Romero sent him home from work due to his race and national origin and kept Hispanic individuals on the job site. Charging Party alleges that he complained of this hostile work environment, but then Mr. Romero's actions worsened and ultimately led to Charging Party being laid off from that job.

Respondent was sent notification of the charge and a request for a response to these allegations on or around April 28, 2009. That response was due on or before May 26, 2009. As the Commission received no response to that request, it mailed a request for information and response to the allegations on June 8, 2009. That response was due on or before June 24, 2009. The Commission notified Respondent in that request that the request was its final warning and that failure to respond could result in an adverse inference. The Commission has still not received a response.

Respondent was informed that it risked an adverse determination should it not cooperate and has chosen to exercise its right not to provide responsive information to meet its burdens. The

Commission concludes that the information withheld would support the Charging Party's position, and determines that Respondent harassed and retaliated against Charging Party by creating a hostile work environment with numerous harassing remarks about Charging Party's national origin and race, and by giving Hispanic individuals more opportunities for work than Charging Party. After Charging Party protested, Respondent laid him off from the job.

Based on such findings, I have determined that the evidence discovered during the investigation establishes that Respondent has violated Title VII of the Civil Rights Act of 1964, as amended. Specifically, I find reasonable cause to believe that Respondent disparately treated, harassed and retaliated against Charging Party due to his race, national origin and participation in protected activities, ultimately leading to his lay off.

This determination does not conclude the processing of this charge. The EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. The confidentiality provisions of Commission Regulations apply to information obtained during conciliation.

When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. Attached therefore, please find the Commission's initial conciliation offer in the form of a conciliation agreement. Please sign and return the agreement or make a counter-offer in writing. If either party does not wish to conciliate, please submit this in writing. If no response is made by April 12, 2010, the Commission will assume that you do not wish to conciliate.

On Behalf of the Commission:

25 MAR 2010
_____
Date

Spencer H. Lewis, Jr.
Director
New York District Office

# EXHIBIT 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620

July 16, 2010

Mr. Scott Balsan
78-42 76th Street
Glendale, NY 11385

Scott Balsan v. Cosmopolitan Decorating
EEOC Charge No.: 520-2009-00898

The Commission has determined that efforts to conciliate this charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. No further efforts to conciliate this case will be made.

The Commission has also determined that it will not bring a lawsuit against the above named respondent. The issuance of the enclosed Notice of Right to Sue under Title VII of the Civil Rights Act concludes the processing of your charge by the Commission. If you decide to sue, you must file a lawsuit in Federal District Court within 90 days of receipt of this letter and Notice of Right to Sue.

On Behalf of the Commission:

Spencer H. Lewis, Jr.
District Director

Date JUL 2 0 2010

enc.    EEOC Form 161-A "Notice of Right to Sue (Conciliation Failure)"

cc:    Anthony Mango
       14 Penn Plaza
       Suite 2200
       New York, NY 10122

EEOC Form 161-A (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Scott Balsan<br>78-42 76th Street<br>Glendale, NY 11385 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2009-00898 | **Charles K. Diamond,**<br>**Investigator** | **(212) 336-3771** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Spencer H. Lewis, Jr.,**
**Director**

JUL 2 0 2010

*(Date Mailed)*

Enclosures(s)

cc: **COSMOPOLITAN DECORATING INC.**
Director Of Human Resources
111 John Street
New York, NY 10038

Anthony G. Mango
14 Penn Plaza, Suite 2200
New York, NY 10122

Edward Weissman
60 E. 42nd St., Suite 557
New York, NY 10165

Enclosure with EEOC
Form 161-A (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*