**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, NJ 07102
973.848.4700
Attorneys for Defendant FCS Group LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT BALSAN,<br><br>               Plaintiff,<br><br>v.<br><br>COSMOPOLITAN DECORATING CO., INC.;<br>TDA CONSTRUCTION, INC.; FINE PAINTING<br>AND DECORATING CO.; FCS GROUP LLC;<br>and DISTRICT COUNCIL 9 OF THE<br>INTERNATIONAL UNION OF PAINTERS<br>AND ALLIED TRADES, a/k/a IUPAT DC#9,<br><br>               Defendants. | 10-Civ-7845 (DLC)<br><br>**DEFENDANT FCS GROUP LLC'S**<br>**ANSWER TO PLAINTIFF'S**<br>**UNVERIFIED AMENDED**<br>**COMPLAINT** |

Defendant FCS Group LLC ("Defendant"), by and through its attorneys of record, Littler Mendelson, P.C., hereby answer the Complaint of Plaintiff Scott Balsan ("Plaintiff") as follows:

### AS TO "JURISDICTION AND VENUE"

1. The allegations contained in paragraph 1 of the Amended Complaint state a conclusion of law as to which no response is required.

2. The allegations contained in paragraph 2 of the Amended Complaint state a conclusion of law as to which no response is required.

### AS TO "THE PARTIES"

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation in paragraph 3 and, therefore, denies said allegation.

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation in paragraph 4 and, therefore, denies said allegation.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation in paragraph 5 and, therefore, denies said allegation.

6. The allegations contained in paragraph 6 of the Amended Complaint state a conclusion of law as to which no response is required.

7. The allegations contained in paragraph 7 of the Amended Complaint state a conclusion of law as to which no response is required.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation in paragraph 8 and, therefore, denies said allegation.

## AS TO THE "FACTS"

### AS TO THE "FACTS CONCERNING DEFENDANT COSMOPOLITAN"

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the entirety of Plaintiff's allegations in paragraphs 9 through 30 and, therefore, denies each and every on of said allegations.

### AS TO THE "FACTS CONCERNING DEFENDANTS FINE AND FCS"

10. Defendant denies all of the allegations contained in paragraph 31 except that Plaintiff was employed by Defendant FCS Group LLC.

11. Defendant denies all of the allegations contained in paragraph 32 except that Plaintiff was terminated by Defendant in July 2010.

12. Defendant denies the allegations contained in paragraph 33.

13. The allegations contained in paragraph 34 of the Amended Complaint state a conclusion of law as to which no response is required. In the event a response is required, Defendant denies the allegations contained in paragraph 34.

14. Defendant denies the allegations contained in paragraph 35.

15. Defendant denies the allegations contained in paragraph 36.

16. Defendant denies the allegations contained in paragraph 37 except that Plaintiff filed a charge with the EEOC.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegation in paragraph 38 and, therefore, denies said allegation.

18. Defendant denies the allegations contained in paragraph 39.

**AS TO THE "FACTS CONCERNING DEFENDANT TDA"**

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the entirety of Plaintiff's allegations in paragraphs 40 through 48 and, therefore, denies each and every on of said allegations.

**AS TO THE "FACTS CONCERNING DEFENDANT IUPAT DC#9"**

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the entirety of Plaintiff's allegations in paragraphs 49 through 59 and, therefore, denies each and every on of said allegations.

**AS TO THE "FIRST CLAIM FOR RELIEF"**

21. Defendant denies the allegations contained in paragraph 60, as set forth above.

22. Defendant denies the allegations contained in paragraph 61.

23. Defendant denies the allegations contained in paragraph 62.

24. Defendant denies the allegations contained in paragraph 63.

25. Defendant denies the allegations contained in paragraph 64.

**AS TO THE "SECOND CLAIM FOR RELIEF"**

26. Defendant denies the allegations contained in paragraph 65, as set forth above.

27. Defendant denies the allegations contained in paragraph 66.

28. Defendant denies the allegations contained in paragraph 67.

29. Defendant denies the allegations contained in paragraph 68.

## AS TO THE "THIRD CLAIM FOR RELIEF"

30. Defendant denies the allegations contained in paragraph 69, as set forth above.

31. Defendant denies the allegations contained in paragraph 70.

32. Defendant denies the allegations contained in paragraph 71.

33. Defendant denies the allegations contained in paragraph 72.

34. Defendant denies the allegations contained in paragraph 73.

## AS TO THE "FOURTH CLAIM FOR RELIEF"

35. Defendant denies the allegations contained in paragraph 74, as set forth above.

36. Defendant denies the allegations contained in paragraph 75.

37. Defendant denies the allegations contained in paragraph 76.

38. Defendant denies the allegations contained in paragraph 77.

39. Defendant denies the allegations contained in paragraph 78.

## AS TO THE "FIFTH CLAIM FOR RELIEF"

40. Defendant denies the allegations contained in paragraph 79, as set forth above.

41. Defendant denies the allegations contained in paragraph 80.

42. Defendant denies the allegations contained in paragraph 81.

43. Defendant denies the allegations contained in paragraph 82.

## AS TO THE "SIXTH CLAIM FOR RELIEF"

44. Defendant denies the allegations contained in paragraph 83, as set forth above.

45. Defendant denies the allegations contained in paragraph 84.

46. Defendant denies the allegations contained in paragraph 85.

47. Defendant denies the allegations contained in paragraph 86.

48. Defendant denies the allegations contained in paragraph 87.

## AS TO THE "SEVENTH CLAIM FOR RELIEF"

49. Defendant denies the allegations contained in paragraph 88, as set forth above.

50. Defendant denies the allegations contained in paragraph 89.

51. Defendant denies the allegations contained in paragraph 90.

52. Defendant denies the allegations contained in paragraph 91.

53. Defendant denies the allegations contained in paragraph 92.

## AS TO THE "EIGHTH CLAIM FOR RELIEF"

54. Defendant denies the allegations contained in paragraph 93, as set forth above.

55. Defendant denies the allegations contained in paragraph 94.

56. Defendant denies the allegations contained in paragraph 95.

57. Defendant denies the allegations contained in paragraph 96.

## AS TO THE "NINTH CLAIM FOR RELIEF"

58. Defendant denies the allegations contained in paragraph 97, as set forth above.

59. Defendant denies the allegations contained in paragraph 98.

60. Defendant denies the allegations contained in paragraph 99.

61. Defendant denies the allegations contained in paragraph 100.

62. Defendant denies the allegations contained in paragraph 101.

## AS TO THE "JURY DEMAND"

63. The allegations contained in paragraph 102 of the Amended Complaint state a conclusion of law as to which no response is required.

## AS TO THE "PRAYER FOR RELIEF"

Defendant denies that Plaintiff is entitled to any of the relief described in the "Prayer for Relief" section of the Complaint, sub-paragraphs (a) – (c) inclusive, or that Plaintiff is entitled to any relief whatsoever from Defendant.

## GENERAL DENIAL

Defendant denies any allegation contained in the Complaint to the extent not specifically denied or admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim or cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which an award of punitive damages can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the damages caps contained in Title VII and any other applicable statutory or common law damage limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Any actions taken concerning Plaintiff were done for legitimate, non-discriminatory and non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant implemented, applied and disseminated effective equal employment opportunity, non-discrimination, non-harassment, and non-retaliation policies and procedures that expressly barred discrimination, harassment and retaliation of the kind alleged by Plaintiff, and contained specific explanations of its complaint and investigation procedures.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and with reasonable and probable cause based on the then existing circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if any unlawful conduct occurred, an employer may not be found liable to an employee for injuries arising from the misconduct of others and arising outside the scope of employment.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the misconduct or fraud of the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to lack of personal jurisdiction over Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because he has failed to mitigate his alleged damages, and Defendant is entitled to an offset to the ext of any mitigation by Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges that he has suffered physical or mental injury as a result of Defendant' alleged actions, such claims are barred, in whole or in part, by the exclusive remedies provisions of the New York's workers' compensation law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the Complaint in its entirety, with prejudice, and for its fees and costs of suit and for any further relief this Court deems just and proper.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| Date:  August 12, 2011 | **LITTLER MENDELSON**<br>A Professional Corporation |
|  |  |
|  | By: /s/ Russell J. McEwan |
|  | Russell J. McEwan<br>LITTLER MENDELSON, P.C.<br>One Newark Center, 8th Floor<br>Newark, NJ  07102<br>973.848.4700<br>rmcewan@littler.com |
|  | Attorneys for Defendant FCS Group LLC |

## CERTIFICATION OF SERVICE

I, RUSSELL J. MCEWAN, of full age, hereby certifies as follows:

On August 12, 2011, I caused a true and complete copy of the foregoing RULE 7.1 DISCLOSURE STATEMENT to be electronically filed with the Clerk of the Court for the United States District Court, for the Southern District of New York. This filing should have caused electronic notification of the filing to be sent to the following:

Anthony G. Mango (AM-4962)
Mango & Iacoviello, LLP
14 Penn Plaza, Suite 1919
New York, NY 10122
(212) 695-5454
Attorneys for Plaintiff

Edward Weissman
Law Offices of Edward Weissman
60 E. 42nd Street, Room 557
New York, New York 10165
(212) 937-1520
Attorneys for Cosmopolitan Decorating Co., Inc.

Wendell Shepherd
258 Saw Mill River Rd Fl 2nd
Elmsford, New York 10523
(914) 592-5740
Attorneys for District Council 9 of the Int'l Union of Painters and Allied Trades

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

/s/  Russell J. McEwan
Russell J. McEwan

Dated: August 12, 2011